action to protect against abuses but at the same time can avoid taking over the executive function? Is it because the tradition became settled before the successes of the modern system of *limited* judicial review became fully recognized?

"On the basis of what the courts know today about leaving administration to administrators but at the same time providing an effective check to protect against abuses, should the courts not take a fresh look at the tradition that prevents them from reviewing the prosecuting function? Throughout the governmental system, courts have found that other administrative or executive functions are in need of a judicial check, with a limited scope of review. *The reasons for a judicial check of prosecutors' discretion are stronger than for such a check of other administrative discretion that is now traditionally reviewable.* Important interests are at stake. Abuses are common. The questions involved are appropriate for judicial determination. And much injustice could be corrected." *Id.,* at 211–212.

These two questions are large questions and substantial ones. I would grant the petition for certiorari in order to resolve them.

No. 72–6491. BECKNER *v.* SEARS, ROEBUCK & CO. ET AL. Ct. App. Cal., 2d App. Dist. Certiorari denied. MR. JUSTICE POWELL took no part in the consideration or decision of this petition.

No. 71–1097. YUMICH ET AL. *v.* CITY OF CHICAGO, 410 U. S. 908;

No. 72–1025. B. P. O. E. LODGE No. 2043 OF BRUNSWICK ET AL. *v.* INGRAHAM ET AL., 411 U. S. 924; and

No. 72–1087. CARD *v.* UNITED STATES, 411 U. S. 917. Petitions for rehearing denied.